# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY LEROY PACKER,** | : | |
| Petitioner | : | |
| | : | No. 1:18-cv-01407 |
| v. | : | |
| | : | (Judge Rambo) |
| **MARK CAPPOZZA, et al.,** | : | |
| Respondent | : | |

## MEMORANDUM

On July 16, 2018, the Court received and filed a petition for a writ of habeas corpus (Doc. No. 1), submitted pursuant to 28 U.S.C. § 2254 by pro se Petitioner Gregory Leroy Packer, an individual currently incarcerated at the State Correctional Institution Fayette, in LaBelle, Pennsylvania ("SCI-Fayette"). Upon reviewing the petition and exhibits pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, the Court directed Petitioner to show cause why his habeas petition should not be dismissed as untimely pursuant to 28 U.S.C. § 2244(d). (Doc. No. 5.) On September 19, 2018, the Court received Petitioner's response. (Doc. No. 6.) For the reasons that follow, the Court will dismiss the petition as untimely filed.

## I. FACTUAL AND PROCEDURAL HISTORY

On November 18, 2008, a jury convicted Petitioner of involuntary deviate sexual intercourse with a child and indecent assault of a person less than thirteen years of age for his perpetration of various sexual acts upon his seven-year-old

daughter. (Doc. No. 1 at 25); see also Commonwealth v. Packer, No. 519 MDA 2016 (Pa. Super. Ct. Jan. 6, 2017). Petitioner was sentenced on May 13, 2009 to an aggregate term of not less than fifteen years and three months nor more than forty-seven years' incarceration. (Id.) Petitioner was also found to be a sexually violent predator subject to lifetime registration. (Id.) Petitioner's post-sentence motion was subsequently denied which was affirmed by the Superior Court of Pennsylvania on October 27, 2010. (Id. at 26.) Petitioner did not file a request for permission to appeal with the Supreme Court of Pennsylvania. (Id.)

On June 8, 2015, Petitioner filed a pro se motion to correct illegal sentence nunc pro tunc, which the Court of Common Pleas of Lycoming County treated as a first Post Conviction Relief Act petition, 42 Pa.C.S. §§ 9541-46 ("PCRA"). (Id.) On March 9, 2016, the PCRA court denied the petition providing that it lacked jurisdiction because the petition was untimely filed. (Id. at 26, 27.) Petitioner appealed to the Superior Court which affirmed the PCRA court on January 6, 2017. (Id. at 33.) The Supreme Court of Pennsylvania denied Petitioner's allowance of appeal on August 1, 2017. (Id. at 35.) Petitioner filed the instant habeas petition in federal court on July 16, 2018. (Doc. No. 1.)

## II. STANDARD OF REVIEW

A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214. See 28 U.S.C. § 2241(d)(1). Under the AEDPA, when a petition is in custody pursuant to a state court judgment, a district court shall entertain an application for writ of habeas corpus only if the custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

## III. DISCUSSION

### A. AEDPA's Statute of Limitations

Under 28 U.S.C. § 2244(d), a state prisoner is subject to a one-year statute of limitations for the filing of a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. This statute provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28. U.S.C. § 2244(d).

Under this statute of limitations, a prisoner generally must file a federal habeas corpus petition within one year of the date his conviction became final. See 28 U.S.C. § 2244(d)(1)(A). Here, the applicable starting point for the statute of limitations is the "conclusion of direct review or the expiration of the time for seeking such review." Id. The Superior Court affirmed Petitioner's judgment of sentence on October 27, 2010. (Doc. No. 1 at 26.) Petitioner did not seek an allowance of appeal to the Supreme Court of Pennsylvania, and, consequently, his judgment of sentence became final on November 26, 2010, thirty days after the date Petitioner could have, but did not, seek an allowance of appeal to the Supreme Court of Pennsylvania. See Rivera v. Ebbert, Civ. No. 3:13-2225, 2014 WL 298833, at * 3 (M.D. Pa. Jan. 27, 2014). Therefore, Petitioner had one year from November 26, 2010, or until November 28, 2011, to timely file a federal habeas

4

petition. The instant habeas petition was filed on July 16, 2018. Consequently, unless it is subject to statutory or equitable tolling, it is jurisdictionally time-barred.

Pursuant to 28 U.S.C. § 2244, the running of the limitations period is suspended for the period when properly-file state post-conviction proceedings are pending in any state court. An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 431 U.S. 4, 8 (2000). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Id. A post-conviction relief application remains pending in state court until "the state courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." Lawrence v. Florida, 549 U.S. 327, 333-36 (2007).

Petitioner's PCRA petition was filed on June 8, 2015. (Doc. No. 1 at 26.) The PCRA Court dismissed the petition on March 9, 2016 as untimely. (Id.) The Superior Court affirmed this dismissal on January 1, 2017 and the Supreme Court of Pennsylvania denied Petitioner's petition for a allowance of appeal on August 1, 2017. (Id. at 33, 35.) Petitioner's PCRA petition filed on June 8, 2015 did not toll the AEDPA statute of limitations because the state courts found that the petition was untimely. (Id.) This Court must defer to the state court's finding of

5

untimeliness. See Merritt v. Blaine, 326 F.3d 157, 165-67 (3d Cir. 2003); see also Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of section 2244(d)(2)."). "[A] PCRA petition that is found to be untimely is not considered 'properly filed' for the purposes of § 2244(d)(2) and does not toll the limitations period." Pereira v. Wingard, No. 5:14-cv-6582, 2015 WL 4404920, at *4 (E.D. Pa. July 17, 2015) (citing Pace, 544 U.S. at 417)); see also Belgiorno v. Bennings, No. 03-6079, 2004 WL 1171216, at *2 (E.D. Pa. May 26, 2004) ("If a state court dismisses a PCRA petition upon a finding that it is untimely and therefore not properly filed, the federal court is bound by that holding for the purposes of the AEDPA."). Moreover, the PCRA petition was filed after the expiration of the AEDPA statute of limitations. Accordingly, because Petitioner is not entitled to statutory tolling under § 2254(d)(2), Petitioner's instant habeas petition is 2,423 days (6 years, 7 months, and 19 days), past the AEDPA's statute of limitations period and is time-barred unless it is subject to equitable tolling.

**B.  Equitable Tolling**

Petitioner has responded to the Court's Order to show cause by claiming that his state court counsel on direct review abandoned him by failing to appeal to the Supreme Court of Pennsylvania the Superior Court's October 27, 2010 affirmance of his post-sentence motion. (Doc. No. 6 at 12.) "[A] petitioner is entitled to

6

equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Accordingly, equitable tolling is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006). The Third Circuit has found that equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)). The petitioner bears the burden of establishing that he is entitled to benefit from equitable tolling. Pace, 544 U.S. at 418.

The Third Circuit has repeatedly found that in non-capital cases, attorney error does not constitute the "extraordinary circumstances" necessary for equitable tolling. See, e.g., Schlueter v. Varner, 384 F.3d 69, 76 (3d Cir. 2004) (holding that "[g]enerally . . . attorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation"); Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002) (holding that a petitioner's receipt of erroneous advice from

counsel regarding the deadline for filing a federal habeas corpus petition did not warrant equitable tolling); Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (finding that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"). Generally, an attorney's delinquency is chargeable to a client and is not a basis for equitable tolling. See Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 237, 237 (3d Cir. 1999).

Due diligence does not require "the maximum feasible diligence," rather, it requires "reasonable diligence." Schlueter, 384 F.3d at 74 (citation omitted). A court's "[d]etermination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case." Ross v. Varano, 712 F.3d 784, 799 (3d Cir. 2013). This reasonable-diligence obligation pertains not only to the filing of the habeas petition, but it also "exists during the period appellant is exhausting state court remedies." LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005).

Attorney abandonment can provide a ground for equitable tolling of the one-year limitation. See Holland, 560 U.S. at 651-52. For instance, in Ross v. Varano, the Third Circuit held that the petitioner was entitled to equitable tolling because he was reasonably diligent in pursing his rights, and his attorney's abandonment was extraordinary and stood in his way. 712 F.3d at 804. The Third Circuit found

that extraordinary circumstances existed, focusing on the petitioner's counsel's inaccurate assurances regarding the status of the petitioner's appeal and "misleading statements on matters that should have been within [counsel's] knowledge, . . . [counsel's] unresponsiveness and neglect of the case, and [the petitioner's] . . . limited intellectual ability and education." Id. at 803. See also Seitzinger, 165 F.3d at 237 (holding that equitable tolling was appropriate where "a diligent client persistently questioned the lawyer as to whether he had filed the complaint in time, and he affirmatively misrepresented to her that he had").

In contrast, in Schlueter v. Varner, the Third Circuit held that where the delay in filing a habeas petition was allegedly caused by an attorney's failure to file a PCRA petition, and the attorney had allegedly represented that he would do so, but the prisoner had not taken "affirmative steps to ensure the timely filing of a PCRA petition," and the prisoner did not "attempt to ascertain . . . whether [the attorney], in fact, had filed a PCRA petition," the circumstances did not warrant equitable tolling. 384 F.3d at 77-78. The Third Circuit stated that even if the attorney's alleged misrepresentation amounted to an "extraordinary circumstance," the prisoner had not exercised reasonable diligence. Id.

Similarly, in Cristin v. Wolfe, 168 F. App'x 508 (3d Cir. 2006), the Third Circuit affirmed the district court's decision that equitable tolling was not warranted where the petitioner's counsel failed to inform her that he was no longer

9

representing her and that he was not filing a petition for allowance of appeal with the Pennsylvania Supreme Court. 168 F. App'x at 512. The Third Circuit reasoned that such a circumstance did not give rise to the sort of affirmative misrepresentations present in Seitzinger. (Id.) Moreover, even if the petitioner's attorney's alleged failure to inform her that he was no longer representing her or filing a petition for allowance of appeal with the Pennsylvania Supreme Court, the Third Circuit found that petitioner had knowledge that her attorney failed to petition for an allowance of appeal before the end of AEDPA's one-year period of limitations and that if she had exercised reasonable diligence, she could have filed her habeas petition in a timely manner. (Id.); see also Wright v. Kerestes, Civ. No. 13-6204, 2014 WL 6454572, at *10 (E.D. Pa. Nov. 17, 2014) (providing that failure to determine the status of an appeal for four years does not constitute reasonable diligence); Pace, 544 U.S. at 419 ("Under long-established principles, [a] petitioner's lack of diligence precludes equity's operation.").

As previously set forth by the Court in its August 20, 2018 Order to show cause (Doc. No. 5), the PCRA court and Superior Court addressed Petitioner's instant equitable argument, observing that:

> Although many of the letters [between Petitioner and his counsel] tend to show that [Petitioner] wanted his counsel to file an appeal to the Pennsylvania Supreme Court, they do not show that his petition is timely. Instead, they show a gap of about [three-and-a-half] years from roughly the end of 2011 until the filing of

10

> [Petitioner's] [PCRA] petition on June 8, 2015. [Petitioner] failed to allege any steps he took to determine the status of his appeal during this time period. Diligence demands that [Petitioner] take reasonable steps to protect and further his interests. Based on [Petitioner's] own pleadings and the reasonable inferences that can be drawn therefrom, [Petitioner] did not exercise diligence from the end of 2011 through the filing of his petition in 2015. Furthermore, the mere fact that [Petitioner] alleged that counsel was ineffective for failing to file his requested appeal does not save his petition from the PCRA's timeliness requirements.

(Doc. No. 1 at 31.)

While Petitioner claims that he has shown "reasonable diligence during the time period of October 27, 2010 to November 26, 2010" by sending his attorney letters requesting that he file an appeal with the Pennsylvania Supreme Court (Id.; Doc. No. 6 at 5), the record reveals that Petitioner took no action from roughly the end of 2011 until the filing of a PCRA petition on June 8, 2015, to determine the disposition of his direct appeal. (Doc. No. 1 at 31.) This three-and-a-half year gap of time does not demonstrate reasonable diligence, and equitable tolling cannot apply. See Pace, 544 U.S. at 419 (unexplained delay of five months precludes equitable tolling); Snyder v. Kauffman, No. 3:14-cv-1142, 2015 WL 7820661, at *4 (M.D. Pa. Nov. 4, 2015) (providing that an unexplained delay of ten-and-a-half months between notification of the conclusion of petitioner's state case and the filing of his federal habeas petition does not constitute due diligence justifying the tolling of the statute of limitations); Wright, 2014 WL 6454572, at *10 (providing

11

that failure to determine the status of an appeal for four years does not constitute reasonable diligence).[1]

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA

---

[1] Moreover, even if the Court applied equitable tolling, it would not save Petitioner's petition as he took no action between the end of 2011 through June 8, 2015 to determine the status of his appeal. Despite Petitioner's lack of diligence during this period, even affording him the benefit that he did not learn that an appeal to the Pennsylvania Supreme Court was not filed until January of 2015, (see Doc. No. 6 at 31, Court of Common Pleas of Lycoming County docket sheet), thereby justifying equitable tolling, Petitioner could have filed a protective habeas petition with this Court before filing his June 8, 2015 PCRA petition. See Pace, 544 U.S. at 416 ("A prisoner seeking state postconviction relief might avoid [a time barred habeas petition] . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."). But Petitioner instead filed a PCRA petition on June 8, 2015 that did not toll the limitations period because the state court found it time barred. See id. at 417 (holding that an untimely PCRA petition is not properly filed and will not toll the limitations period). Petitioner then filed his habeas petition on July 16, 2018, more than three-and-a-half years after learning that his counsel did not file an appeal with the Pennsylvania Supreme Court. Petitioner's petition would therefore still be time barred. See Wright, 2014 WL 6454572, at *10.

12

should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

**V.     CONCLUSION**

For the foregoing reasons, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), will be dismissed as untimely. A COA will not issue. An appropriate Order follows.

    s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: September 26, 2018